## SCHLOSS *v.* SCHLOSS.

LANDLORD AND TENANT—DESTRUCTION OF BUILDING—EVICTION—RENT.

> Entry by the lessor upon the rented premises, for the purpose of repairing a building damaged by fire, and from which the lessee has removed, does not amount to an eviction which will relieve the lessee from paying rent during the repairs, where the lessee retains the key, suggests certain changes in the building, and moves into it after its completion.

Error to Wayne; Frazer, J. Submitted June 15, 1904. (Docket No. 27.) Decided July 16, 1904.

Assumpsit by Emanuel Schloss against Albert W. Schloss and Murray Schloss, copartners as Schloss Brothers, for rent. There was judgment for plaintiff on a verdict directed by the court, and defendants bring error. Affirmed.

*Bernard B. Selling,* for appellants.

*Dickinson, Stevenson, Cullen, Warren & Butzel,* for appellee.

HOOKER, J. The defendants leased certain premises— i. e., a store building—for a term of years, and entered into possession. A few months after, the building was rendered untenantable by fire, and the defendants moved out, but retained the key. The plaintiff entered soon after, and began the reconstruction of the building, without saying anything upon the subject to the defendants at the time, though they were cognizant of the facts, and, a few weeks later, requested certain changes in the building. After its completion, defendants moved in, and have remained there since, paying the rent monthly, as provided by the lease. This action was brought upon the lease to recover the rent for the period that defendants were out of the building. The plaintiff recovered, and defendants appeal; claiming that the conduct of plaintiff was an eviction, which relieved them from payment of the rent during that period. The parties appear to agree that the destruction of the building did not relieve defendants from their covenant to pay rent. The circuit judge found an implied assent to plaintiff's entry, which precludes the theory of an eviction. Although the defendants were not consulted before plaintiff's entry, they kept the key, and acquiesced in what he did. We think the conclusion of the circuit judge justified by the proofs.

The judgment is affirmed.

The other Justices concurred.